**Michael Don ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45404.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Charles W. Tessmer, Ronald L. Goranson, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Robert A.

Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with the intent to commit theft; the punishment, eight years imprisonment.

The indictment charges that the appellant "did by force, threats and fraud, break and enter a house . . . ."

The jury was not charged on the theory of burglary alleged in the indictment, that it was committed by force, threats, fraud, or breaking and entering, but *only* authorized the appellant's conviction if the appellant "did then and there enter a house then and there occupied and controlled by M. J. Sparks at night or in any manner enter a house then and there occupied and controlled by M. J. Sparks at any time, either day or night, and remain concealed therein with the intent in either case, then and there to fraudulently take therefrom corporeal personal property therein being and then belonging to the said M. J. Sparks . . . ."

■ The charge erroneously authorized the appellant's conviction under a theory not charged in the indictment. Gooden v. State, 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940); Sullivan v. State, 13 Tex.App. 462 (1883); Weeks v. State, 13 Tex.App. 466 (1883) and Powell v. State, 12 Tex.App. 238 (1882). Even though there was no objection to the charge at the time of trial, the error was fundamental and calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial. See Article 36.19, Vernon's Ann. C.C.P.; Fennell v. State, 424 S.W.2d 631 (Tex.Cr.App.1968) and Garza v. State, 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956). The State, with commendable candor, agrees that the appellant is entitled to reversal for this reason.

■ The evidence in the case is insufficient to support a conviction for burglary under the allegations in the indictment.

The other errors alleged in the appellant's brief are not likely to occur in the event of retrial and will not be discussed.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.