Hillary ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 53679.

Court of Criminal Appeals of Texas.

July 13, 1977.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Ned B. Morris, Asst. Dist. Attys., Houston, for the State.

## OPINION

ONION, Presiding Judge.

These are appeals from conviction for aggravated robbery. See V.T.C.A., Penal Code, § 29.03. Punishment was assessed by the jury at life imprisonment on each count of the indictment.

The offenses charged were alleged to have been committed against different persons on the same date. They were consolidated in a single indictment pursuant to Article 21.24, Vernon's Ann.C.C.P., as

amended, and V.T.C.A., Penal Code, § 3.01 and § 3.02.

Article 21.24(a), supra, provides:

"(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code."

§ 3.01 provides:

"In this chapter, 'criminal episode' means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."

§ 3.02(a) provides:

"(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode."

The offense of aggravated robbery is provided for in V.T.C.A., Penal Code, § 29.03, which is found in Title 7 of said code.

An examination of the record reflects only one sentence was pronounced. It recites that appellant "has been adjudged to be guilty of Aggravated Robbery, as charged in the two counts of the indictment . . . and whose punishment has been assessed at confinement in the Texas Department of Corrections for Life . . ."

V.T.C.A., Penal Code, § 3.03, provides:

"When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, *sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.*" (Emphasis Supplied.)

The single sentence referring to both counts of the indictment failed to meet the requirements of said § 3.03. In *White v. State,* 543 S.W.2d 130 (Tex.Cr.App.1976), there was a single sentence for three convictions of aggravated robbery arising out of the same criminal episode and prosecuted in a single criminal action. There was also only one judgment as in the instant case. In *White,* we were able to determine that the judgment and sentence were applicable

to the first count of the indictment in view of the finding of the date of the offense as alleged in the first count and as supported by proof. Thus the conviction as to the first count was affirmed and the attempted appeals from the second and third counts were dismissed.

In the instant case the offenses were both alleged to have occurred on March 7, 1975. The judgment contains the finding, ". . and that the said defendant committed the said offense on the 7th day of March, A.D. 1975 . . . ." as if there was only one offense. This is followed by the single sentence.

Unlike the situation in *White,* we are unable to determine upon which count of the indictment the single sentence was pronounced.

◼ In instances where two convictions occurred at the same time based on the same evidence and the doctrine of carving renders one invalid, we have held that the conviction with the lower numbered indictment is the presumptively valid one. See and cf. *Ex parte Calderon,* 508 S.W.2d 360 (Tex.Cr.App.1974); *Ex parte Adams,* 541 S.W.2d 440 (Tex.Cr.App.1976); *Ex parte Birl,* 545 S.W.2d 169 (Tex.Cr.App.1977). Using the same rationale in the instant case, we hold that the judgment and sentence are applicable to the first count of the indictment. See *Parks v. State,* 553 S.W.2d 114 (Tex.Cr.App.1977).

Since, however, there is no sentence applicable to the second count as required by said § 3.03, the appeal relative thereto must be dismissed.

As the appeal from the first count of the indictment is properly before us, we shall discuss appellant's contentions relative thereto.

In a ground of error appellant contends fundamental error occurred when the charge authorized the jury to find him guilty of aggravated robbery for conduct not plead in the indictment.

V.T.C.A., Penal Code, § 29.02 (Robbery), provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

The elements of robbery with *bodily injury* under V.T.C.A., Penal Code, § 29.02, are: (1) a person (2) in the course of committing theft (3) with intent to obtain or maintain control of property (4) intentionally, knowingly or recklessly (5) causes bodily injury to another.

The elements of robbery *by threats or fear* are: (1) a person (2) in the course of committing theft (3) with intent to obtain or maintain control of property (4) knowingly or intentionally (5) threatened or placed another in fear of imminent bodily injury or death.

It is observed as to the culpable mental states involved in the two ways of committing robbery knowingly or intentionally are common to both while recklessly is applicable only to robbery *with bodily injury.*

V.T.C.A., Penal Code, § 29.03 (Aggravated Robbery), provides:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon.

"(b) An offense under this section is a felony of the first degree."

The elements of aggravated robbery *with serious bodily injury* are: (1) a person (2) commits robbery under § 29.02 and (3) causes serious bodily injury to another.

The elements of aggravated robbery *by deadly weapon* are: (1) a person (2) commits a robbery under § 29.02 and (3) uses or exhibits a deadly weapon.

The Practice Commentary to said § 29.03 states:

"Section 29.03 aggravates robbery defined in Section 29.02 to a more serious offense if the bodily injury the offender inflicts under Section 29.02(a)(1) is 'serious,' or if the offender threatens or otherwise causes fear of imminent bodily injury or death under Section 29.02(a)(2) by using a deadly weapon. . . ."

Omitting the formal parts, the first count of the indictment in the instant case alleges the appellant "heretofore on or about March 7, 1975, did then and there unlawfully while in the course of committing theft of one billfold and keys owned by Marshall William Moody, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting . . . a pistol."

It is clear the first count alleged robbery under V.T.C.A., Penal Code, § 29.02(a)(2), by alleging the appellant intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death and further alleged aggravation "by using and exhibiting . . . a pistol." See V.T.C.A., Penal Code, § 29.03(a)(2).

In the charge, among other things, the court abstractly charged on robbery, aggravated robbery, bodily injury, serious bodily injury, and the terms "knowingly," "intentionally" and "recklessly."

Then the court charged as follows with regard to the first count of the indictment:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1975 in Harris County, Texas, the defendant, Hillary Robinson, did, without the effective consent of Marshall William Moody, the owner, take and exercise control over the corporeal personal property of Marshall William Moody, to-wit, one billfold and keys, from the possession of Marshall William Moody with intent then and there to deprive Marshall William Moody

of said property, and that said defendant, in so doing, and with intent to acquire and maintain control of said property, intentionally, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing. acts, if you do so find, the defendant caused serious bodily injury to Marshall William Moody or the defendant used or exhibited a deadly weapon, to-wit, a pistol, then you will find the defendant guilty of aggravated robbery as charged in the indictment, in the first count thereof.

"If you find from the evidence that the defendant committed the offense of robbery as alleged in the first count of the indictment, as herein defined, but you have a reasonable doubt as to whether he caused serious bodily injury to Marshall William Moody or as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the defendant guilty only of robbery in the first count of the indictment and not of aggravated robbery.

"If you have a reasonable doubt as to whether the defendant is guilty of any offense, that is, aggravated robbery or robbery, as alleged in the first count of the indictment, then you will acquit the defendant and say by your verdict not guilty of the first count of the indictment."

■ This charge authorized the jury to convict the appellant as charged of aggravated robbery if they found, among other things, he intentionally, knowingly or recklessly caused bodily injury to the complainant and if they further found, beyond a reasonable doubt, the appellant caused serious bodily injury to the complainant. This was simply not alleged in the indictment. Further, the charge would have authorized a conviction for aggravated robbery if the jury found he intentionally, knowingly or recklessly caused bodily injury by using and exhibiting a deadly weapon. This was not

alleged either. In fact, the charge authorized a conviction under every conceivable theory under V.T.C.A., Penal Code, § 29.02 and § 29.03, rather than limiting it to the theory alleged in the indictment.

In *Dowden v. State,* 537 S.W.2d 5, 7 (Tex. Cr.App.1976), the defendant complained because the court included in its charge portions of the statutes that were neither pled in the indictment nor supported by the proof at trial. There this court said:

". . . This practice at best is useless and at worst may confuse and mislead the jury and, therefore, prejudice a defendant. This Court in the past has had occasion to caution against the enumeration in the charge of portions of a statute that could not be relied upon for a conviction. E. g., *Griffith v. State,* 142 Tex.Cr.R. 559, 155 S.W.2d 612; see *Grudzien v. State,* Tex.Cr.App., 493 S.W.2d 827; *Simons v. State,* Tex.Cr.App., 34 S.W. 619; cf. *Mauldin v. State,* Tex.Cr. App., 463 S.W.2d 10. We reiterate that admonition."

Appellant concedes there was no objection to the charge but urges fundamental error.

In *Smith v. State,* 513 S.W.2d 823 (Tex. Cr.App.1974), this court stated:

"Appellant concedes there was no proper objection to this instruction made at trial. Without such objection, under Art. 36.19, V.A.C.C.P., only fundamental error requires reversal. *Whitson v. State,* 495 S.W.2d 944 (Tex.Cr.App.1973); *Mendoza v. State,* 491 S.W.2d 888 (Tex.Cr.App. 1973); *Fennell v. State,* 424 S.W.2d 631 (Tex.Cr.App.1968). Fundamental error is an error 'calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial.' *Ross v. State,* 487 S.W.2d 744 (Tex.Cr.App. 1972)."

In *Ross v. State,* 487 S.W.2d 744 (Tex.Cr. App.1972), it is stated:

"The charge erroneously authorized the appellant's conviction under a theory not charged in the indictment. *Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 177

(1940); *Sullivan v. State,* 13 Tex.App. 462 (1883); *Weeks v. State,* 13 Tex.App. 466 (1883); and *Powell v. State,* 12 Tex.App. 238 (1882). Even though there was no objection to the charge at the time of trial, the error was fundamental and calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial. See Article 36.-19, Vernon's Ann.C.C.P.; *Fennell v. State,* 424 S.W.2d 631 (Tex.Cr.App.1968); and *Garza v. State,* 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956). . . ."

Cf. *Peoples v. State,* 548 S.W.2d 893 (Tex. Cr.App.1977); *Windham v. State,* 530 S.W.2d 111 (Tex.Cr.App.1975); *Perez v. State,* 537 S.W.2d 455 (Tex.Cr.App.1976); *Mendoza v. State,* 491 S.W.2d 888 (Tex.Cr. App.1973).

While the charge authorized a conviction upon the theory alleged in the indictment, it also authorized a conviction upon every other conceivable theory under § 29.02 and § 29.03 which was not alleged in the indictment. We conclude that fundamental error is reflected and the conviction based on count one of the indictment must be reversed.

For this reason, we need not discuss appellant's remaining ground of error as to such conviction.

As earlier noted, the appeal from the conviction based on the second count of the indictment must be dismissed for want of proper sentence. If a proper sentence was in fact pronounced in the case as to the second count conviction but there was a failure to enter such sentence, it may be entered nunc pro tunc. Article 42.06, Vernon's Ann.C.C.P. If, on the other hand, a separate sentence was not pronounced with regard to the second count conviction, the trial court may now pronounce sentence[1] and an appeal may be taken therefrom if the appellant so desires. *White v. State,* supra, and cases there cited. It is observed, however, the appellant raises the same contention regarding the charge on the second count conviction as caused the reversal as to

the first count conviction. The charges are exactly the same with the exception of the complainant's name. The trial court may want to take action in accordance with Article 40.09, Vernon's Ann.C.C.P., prior to any further effort at appeal.

For the reasons stated, the judgment as to the first count conviction is reversed and remanded and the appeal as to the second count conviction is dismissed.

DOUGLAS, J., dissents because there was no objection to the court's charge.

---

1. A separate judgment should likewise be entered regarding the second count conviction if one has not been previously entered. *White v. State,* supra.