Johnny James JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 52076.

Court of Criminal Appeals of Texas,
Panel No. 2.

April 12, 1978.

State's Motion for Rehearing En Banc
Denied Dec. 13, 1978.

David B. Ziegler, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Andy M. Tobias, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. We previously abated this case in a per curiam opinion because the trial court failed to file adequate findings of fact and conclusions of law relative to the voluntary nature of appellant's confession. See *Hester v. State*, Tex.Cr.App., 535 S.W.2d 354. The appeal has now been reinstated.

In his brief appellant complains of error in the court's charge to the jury.

The indictment alleges in pertinent part that:

"Johnny James Johnson did then and there unlawfully while in the course of committing theft of cash money owned by Benito R. Herrera, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

The trial court in applying the law to the facts of the case charged the jury:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 8th day of April, 1974, in Harris County, Texas, the defendant, Johnny James Johnson, did, without the effective consent of Benito R. Herrera, the owner, take and exercise control over the corporeal personal property of Benito R. Herrera, to-wit money, from the possession of Benito R. Herrera, with intent then and there to deprive Benito R. Herrera of said money, and that said defendant, in so doing, and with intent to acquire and maintain control of said money, intentionally, knowingly, or recklessly caused bodily injury to said owner, or intention-

ally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant caused serious bodily injury to Benito R. Herrera, or defendant used or exhibited a deadly weapon, to-wit a pistol, then you will find defendant guilty of aggravated robbery as charged in the indictment.

"If you find from the evidence that the defendant committed the offense of robbery, as herein defined, but you have a reasonable doubt as to whether he caused serious bodily injury to Benito R. Herrera or as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the defendant guilty only of robbery, and not of aggravated robbery.

"If you have a reasonable doubt as to whether the defendant is guilty of any offense, that is, aggravated robbery or robbery, then you will acquit the defendant and say by your verdict not guilty."

The indictment alleged robbery under V.T.C.A., Penal Code Sec. 29.02(a)(2), by alleging the appellant intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death and further alleged aggravation "by using and exhibiting a deadly weapon, namely, a pistol." See V.T.C.A., Penal Code Sec. 29.03(a)(2).

We note that the charge is virtually identical to the charge condemned in *Robinson v. State*, 553 S.W.2d 371, 374. In *Robinson*, supra, we held that:

"This charge authorized the jury to convict the appellant as charged of aggravated robbery if they found, among other things, he intentionally, knowingly or recklessly caused bodily injury to the complainant and if they further found, beyond a reasonable doubt, the appellant caused serious bodily injury to the complainant. This was simply not alleged in the indictment. Further, the charge would have authorized a conviction for aggravated robbery if the jury found he

intentionally, knowingly or recklessly caused bodily injury by using and exhibiting a deadly weapon. This was not alleged either. *In fact, the charge authorized a conviction under every conceivable theory under V.T.C.A., Penal Code, Secs. 29.02 and 29.03, rather than limiting it to the theory alleged in the indictment."* (Emphasis added.)

In *Robinson*, supra, we cited with approval *Ross v. State*, 487 S.W.2d 744 and quoted therefrom that "Even though there was no objection to the charge at the time of trial, the error was fundamental and calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial."

In *Robinson*, supra, and in *Davis v. State*, Tex.Cr.App., 557 S.W.2d 303, we held that jury charges substantially the same as used here, in prosecutions for aggravated robbery on substantially the same allegations as made in the indictment here, constituted *fundamental* error, and required reversal even in the absence of an objection to the charge. In the instant case the following objection was timely presented and overruled by the trial judge:

Defendant objects to the Court's charge in that the indictment alleges the complainant was placed "in fear of imminent bodily injury and death. . . ." whereas the charge allows the jury to convict upon a finding of injury to the complainant, or upon the threat of imminent bodily injury or death.

The defendant further objects in that the State has failed to plead any bodily injury to Benito R. Herrera, however, the jury may convict upon such a finding.

Although the first paragraph of this objection is not sound to the extent that it objects to the charge on *threat* of imminent bodily injury or death (such theory being alleged in the indictment), it is valid in its objection to the charge on actual injury, and the second paragraph of the objection is likewise sound in this respect. The objection was sufficient to call the court's attention to the error in the charge.

It was reversible error to overrule appellant's objection to the jury charge, and we need not rely on the doctrine of fundamental error that required reversal on the same jury charge defect in *Robinson v. State* and *Davis v. State*, supra. See also *Dowden v. State*, 537 S.W.2d 5.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting on State's Motion for Leave to File Motion for Rehearing.

The majority overrules the State's motion for leave to file motion for rehearing. The motion should be granted for the reasons stated in *Williams v. State*, 535 S.W.2d 352 (Tex.Cr.App.1976), and in *Brewer v. State*, 572 S.W.2d 940 (1978 (dissenting opinion)).

VOLLERS, J., joins in this dissent.