**Joseph Lee BREWER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58550.**

Court of Criminal Appeals of Texas,
Panel No. 3.

June 14, 1978.

State's Motion for Rehearing En Banc
Denied Nov. 15, 1978.

Grant U. Hardeway, Sr., Houston, for appellant.

No appearance for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appellant was convicted by a jury for aggravated robbery. The punishment, enhanced under the provisions of V.T.C.A., Penal Code, Sec. 12.42(c) was assessed by the court at life imprisonment.

In his second ground of error in appellant's pro se brief it is contended that the court's charge authorized a conviction on a theory not alleged in the indictment.

The indictment stated in pertinent part that on or about October 25, 1975, the appellant:

"While in the course of committing theft of money owned by Sharon Cotrone, hereinafter styled the Complainant, and with the intent to obtain and maintain control of the property, intentionally and knowingly threatened and placed the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol . . ."

The court charged the jury as follows: "Now, if you find from the evidence beyond a reasonable doubt that on or about the 25th day of October, 1975 in Harris County, Texas, the defendant, Joseph Lee Brewer, did, without the effective consent of Sharon Cotrone, the owner, take and exercise control over the corporeal personal property of Sharon Cotrone, to

wit, money, from the possession of Sharon Cotrone, with intent then and there to deprive Sharon Cotrone of said money, and that said defendant, in so doing, and with the intent to acquire and maintain control of said money, intentionally, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant caused serious bodily injury to Sharon Cotrone or the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find the defendant guilty of aggravated robbery as charged in the indictment."

A reading of the indictment and the charge reflects that the charge authorized the jury to convict the appellant of aggravated robbery under theories not alleged in the indictment. The following recent decisions of this Court mandate reversal of this cause. *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.); see also *Dowden v. State* (Tex.Cr.App.), 537 S.W.2d 5; *Johnson v. State,* 573 S.W.2d 778 (Tex.Cr.App.1978); *Cleland v. State* (Tex. Cr.App. No. 54,100, decided April 12, 1978).

The judgment is reversed and the cause remanded.

VOLLERS, Judge, dissenting to the denial of motion for leave to file a motion for rehearing.

The Court has refused the motion for leave to file a motion for rehearing in this cause without written opinion. I dissent to this action.

This case was reversed by Panel No. 3, 2nd Quarter, because the jury instructions of the trial court authorized the jury to convict the appellant of aggravated robbery under a theory not alleged in the indictment. The indictment in this cause alleges that appellant intentionally and knowingly threatened and placed Sharon Cotrone *in*

*fear* of imminent bodily injury and death by using and exhibiting a deadly weapon; namely, a pistol. The jury instructions authorized conviction if the jury found that appellant intentionally and knowingly or recklessly *caused* bodily injury to the complainant *or* intentionally or knowingly threatened or placed the complainant *in fear* of imminent bodily injury or death, and exhibited a firearm. Three witnesses, including Sharon Cotrone, testified that the robbery was committed by the exhibition of a firearm and by threats accompanying such exhibition. None of these witnesses either testified to, or suggested by their testimony, that any bodily injury at all was inflicted upon Sharon Cotrone.

The appellant testified and denied that he participated in the robbery. An examination of the entire record fails to reveal any suggestion from the evidence or argument that bodily injury was inflicted upon Sharon Cotrone in the course of this robbery. Thus a reading of this record clearly reflects that there is no possibility that the jury was misled by the charge. Furthermore, there was no objection to the charge.

It appears that the basic problem is one of determining what constitutes "fundamental error." An examination of the cases relied upon in the original opinion reversing this cause illustrates just when, and how easily, this Court got off the path.

In *Robinson v. State,* 553 S.W.2d 371, relied upon in the panel opinion, this Court, without discussing the facts in the case, found that a charge which authorized a conviction upon a theory not alleged in the indictment was fundamentally defective. In making this finding, the Court cited and relied upon *Smith v. State,* Tex.Cr.App., 513 S.W.2d 823, where it was noted that where there was no proper objection to such an instruction, under Article 36.19, V.A.C.C.P. only fundamental error requires reversal. While it appears that this statement is correct, *Smith,* supra, cited and relied upon *Ross v. State,* Tex.Cr.App., 487 S.W.2d 744, for the proposition that "fundamental error is an error 'calculated to injure the rights of the appellant to the extent that he has not

had a fair and impartial trial.'" 513 S.W.2d at 829. It therefore appears that *Ross,* supra, formulated a rule of "fundamental error" that is the same as the provision of Article 36.19, V.A.C.C.P. It is the misstatement of the rule concerning fundamental error in *Robinson* that this Court has blindly followed in subsequent cases without looking at the record to see whether or not the facts justify the conclusion that an erroneous charge constituted *fundamental* error.

In addition to *Robinson,* the original opinion relies upon *Davis v. State,* Tex.Cr.App., 557 S.W.2d 303, which itself illustrates a blind application of *Robinson* devoid of factual discussion or reason. While *Dowden v. State,* Tex.Cr.App., 537 S.W.2d 5, cited by the panel opinion, is simply not in point on the issue of fundamental error because there was an objection urged to the charge which was erroneously overruled, it serves very well to show how the Court has misinterpreted Article 36.19 in order to arrive at an erroneous "fundamental error" rule. Article 36.19, V.A.C.C.P. provides:

> "Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error *appearing from the record* was calculated to injure the rights of defendant, or *unless it appears from the record* that the defendant has not had a fair and impartial trial." (Emphasis added.)

In answering the dissent in *Dowden* the majority added a footnote from which it concludes that Article 36.19, upon which the dissent relied, refers to those cases in which the defendant disregarded the requirement of written objections. Therefore, the majority concludes that the test for review set out in Article 36.19 is the test to be applied only where there is no written objection to the court's charge. An examination of the case cited, *Echols v. State,* 75 Tex.Cr.R. 369, 170 S.W. 786, and other authorities, reveals that they simply will not support such a conclusion. In *Echols,* supra, it was pointed out that

"It is just such cases as this that caused the Legislature to amend Article 723, now 743, of the Code of Criminal Procedure, and provide that the errors in the charge should not be cause for reversal, unless objected to when presented to counsel for their inspection. Errors of the character now complained of in the charge were under the old law raised in the motion for a new trial, and this court, because of such matters, felt impelled to reverse the case. The Legislature desired to correct what it considered an evil, and said this court should not reverse under such circumstances, and should not consider such grounds on appeal when the trial court's attention was not called to such matters before the charge was read to the jury."

170 S.W. at 791, 792.

In even a clearer expression of legislative intent the same judge who wrote the *Echols* opinion said in *Wright v. State,* 73 Tex. Cr.R. 178, 163 S.W. 976:

> "Old Article 743 reads before amendment that the 'error' in the charge must 'be excepted to at the time of the trial, or on a motion for a new trial.' In amending and re-enacting this provision of the Code, the words 'or on motion for a new trial' were omitted from this article. So it is clear that the intent and purpose of the Legislature is that we should not reverse a case because of error in the charge, if error there be, unless it was excepted to at the time of the trial, *and not then unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.*" (Emphasis added.)

163 S.W. at 977.

This interpretation of legislative intent was further clarified on the motion for rehearing in *Wright,* supra, where the Court noted that the practice at the time by some lawyers was to let the trial court take care of itself and hope that they could catch the trial judge in error in the charge and assign it on a motion for new trial in case a

conviction was had. In noting that this was not fair to the trial court and that such a day had passed in Texas under the recent statute, the Court went on to note that:

"The Legislature has provided that the 'practice of setting traps' for the court must cease, and we will administer the law as written. The objection to a charge must be made before the charge is read to the jury, and if a reasonable time to do so is granted, objections will not be considered on appeal made for the first time in motion for new trial. This is the command of the law, and it we will obey."

163 S.W. at 980, 981.

From the interpretation given in the *Wright* case and a careful reading of Article 36.19, V.A.C.C.P., it is clear that the legislature intended to create a harmless error rule where there was an objection to the trial court's charge and the charge was found to be in error. If Article 36.19 is applied as the majority of this Court indicated in its footnote in *Dowden,* supra, and in the present case, there is not even a harmless error rule if there is *no* objection to the charge. This construction is contrary not only to *Wright,* but also to many subsequent cases which have applied the harmless error rule where written objections have been made to the trial court's charge.[1] The present day application of Article 36.19 is inconsistent with all of these prior cases.

There is the rule of statutory construction that where this Court has construed a statute and the legislature has subsequently met and did not change the statute, it is assumed that the legislature agreed with the construction given by this Court. It is apparent that the legislature has met many times since the construction given to legislative intent in *Wright v. State,* supra, in 1914, in regard to the predecessor of Article 36.19, V.A.C.C.P., and has not changed the wording of that statute. If this rule of

construction is to be given effect in cases other than where the Court merely cited it as a rule of convenience, it should be applied in this case.

The rule of "fundamental error" in a jury instruction should be limited to situations such as was presented in *Ross v. State,* supra, where it was properly applied. In the *Ross* case it should be noted that a conviction for burglary was had under an indictment charging one theory of burglary and a charge to the jury authorizing conviction *only* upon a different theory of burglary which was not alleged in the indictment. A comparison of the charge of the court and the indictment indicated that the court did not have jurisdiction to enter a judgment upon such indictment under that jury instruction. Fundamental error should be limited to that which is fundamental, and subject to collateral attack.

If the provision of Article 36.19, V.A.C.C.P. has any meaning whatsoever, it applies to the situation presented by this case. The record in this case clearly reflects that there was simply no possibility that the error of the trial judge in submitting this charge was calculated to mislead the jury or otherwise injure the rights of the appellant, nor is there even a possibility that this error in any way interfered with the defendant's having a fair and impartial trial. Therefore, the error which is presented in this case should not be reversible error under Article 36.19, V.A.C.C.P., even if objected to.

Oddly enough, we apparently have reached the point where error in the charge which is beneficial to the accused is reversible if objected to. The progression is simple. Under this Court's interpretation of Article 36.19, if there is no objection you look to see whether or not there was harm (whether or not the error was "calculated to injure the rights of the defendant" or

1. For just a small sample of such cases see *Crane v. State,* 91 Tex.Cr.R. 304, 240 S.W. 920 (1922); *Pinson v. State,* 94 Tex.Cr.R. 517, 251 S.W. 1092 (1923); *Davis v. State,* 101 Tex.Cr.R. 352, 275 S.W. 1029 (1925); *Durham v. State,* 112 Tex.Cr.R. 395, 16 S.W.2d 1092 (1929); *Fine v. State,* 125 Tex.Cr.R. 337, 68 S.W.2d 192 (1934); *Davis v. State,* Tex.Cr.App., 430 S.W.2d 210 (1968); *Smith v. State,* Tex.Cr. App., 450 S.W.2d 92 (1970); *Hannon v. State,* Tex.Cr.App., 475 S.W.2d 800 (1972).

" . . . it appears from the record that the defendant has not had a fair and impartial trial"). To apply this test of "harm" if there is no objection leads to the obvious conclusion that there is no requirement of harm if an objection is stated. Otherwise, there is simply no reason to object. From this, the only conclusion that can be reached is that if there is an objection and there was error in the charge, it is reversible error. As pointed out in the recent case of *Romo v. State*, 568 S.W.2d 298 (Tex.Cr.App. 1978), where an error was beneficial to the defendant, if there had been an objection there would have been reversible error. Therefore, we have reached the stage of having reversible *beneficial* error.

If we are to have any faith in the jury system at all, we must assume that the jurors, collectively and as individuals, are competent enough to understand the spoken word of the testimony presented to them and to understand the written word of the court's charge. Obviously, if they are competent enough to read and understand the court's charge, we must give them credit for having enough sense to recognize that there was no evidence, and therefore no issue, in this case that the robbery occurred by the commission of bodily injury, and that convicting on such issue would be beyond the realm of reality.

To cause the reversal of a case such as this upon an issue such as this is ludicrous. I most strongly agree that every person charged with crime is entitled to a fair trial, but I cannot agree that this case presents even a possibility that the appellant was denied a fair trial.

It appears that the result reached in this case is the epitome of the enforcement of a rule simply for the sake of enforcing rules. Such a process should not be condoned for either the reversal or the affirmance of a case. Furthermore, the results of this case fly in the very face of the legislative intent of Article 36.19, V.A.C.C.P. as clearly interpreted and applied in *Wright v. State,* supra. No attorney in his right mind who is aware of the holding of this Court in recent cases and its application of Article 36.19,

V.A.C.C.P. would object to the charge in this case because it is clear to him that his client cannot be harmed by such a charge, especially in view of his defense on the issue of identity. He is in the perfect position of having an error in the charge which is not harmful but which constitutes fundamental error in the event the jury does not believe his client's defense of mistaken identity. So, contrary to legislative intent, we have reinstituted the practice of "sand bagging" the trial judge. Unfortunately, we have gone further than the cases which motivated the legislature in 1913 in its effort to do away with such "sand bagging" by making such "sand bagging" profitable even where the error is harmless.

I dissent.

DOUGLAS and W. C. Davis, JJ., join.