**Ex parte Samuel Dwayne COLEMAN.**

No. 59888.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 13, 1978.

Rehearing Denied April 25, 1979.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Douglas M. O'Brien, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

DOUGLAS, Judge.

This is a post-conviction habeas corpus proceeding under Article 11.07, V.A.C.C.P. Coleman, the applicant, contends that he should be granted relief because of an error in the charge to the jury. On September 20, 1978, relief was denied by this Court. Because the same or similar contentions have been raised many times, leave to file the application for a writ of habeas corpus was granted.

The indictment charged that Coleman "while in the course of committing theft did . . . intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely, a pistol. . . ."

The court instructed the jury to find Coleman guilty if he "intentionally, knowingly or recklessly caused bodily injury or intentionally or knowingly threatened or placed the complainant in fear of imminent bodily injury or death; . . . and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, that the defendant caused serious bodily injury to Harold Hobart [complainant] or the defendant used or exhibited a deadly weapon, to-wit, a pistol, then you will find defendant guilty as charged in the indictment."

Will an error in the instruction to find Coleman guilty, if he caused bodily injury to the complainant or threatened serious bodily injury violate due process because robbery by committing bodily injury was not alleged in the indictment? This was held to be reversible error on appeal in *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr. App.1977).

There was no objection to this instruction in the present case. The first time the matter has been raised is in the application for writ of habeas corpus.

Was a constitutional right violated? In *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), the Supreme Court of the United States held

". . . the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." The Supreme Court applied *Winship* to a collateral attack upon a state conviction concerning an instruction to the jury. The court held the test to be "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). The court reaffirmed that rule in *Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). Error in instructions to the jury rarely rise to a constitutional level. *Victory v. Bombard*, 570 F.2d 66, 69 (2nd Cir. 1978). We adopt the rule set out by the Supreme Court of the United States and which has been in substance previously followed by this Court.

In *Ex parte Gomez*, 389 S.W.2d 308, 310 (Tex.Cr.App.1965) cert. denied 386 U.S. 937, 87 S.Ct. 958, 17 L.Ed.2d 810 (1967), this Court wrote:

"The writ of habeas corpus cannot be utilized, after conviction, to point out alleged errors in a court's charge, as these are matters which should be urged on appeal . . . ."

There are several instances where this Court has held something fundamental error on appeal but not subjected to a collateral attack by habeas corpus. We have held that failure to allow appointed counsel 10 days in which to prepare for trial is reversible error in violation of Article 26.04, V.A.C.C.P., but such an error may not be the basis for a collateral attack by way of habeas corpus. *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.1977); *Ex parte Meadows*, 418 S.W.2d 666 (Tex.Cr.App. 1967).

A collateral attack is not allowed because a sentence was pronounced untimely. *Ex parte Shields, supra*, when it has been considered under Art. 40.09, Sec. 13, V.A.C.C.P. *Conaway v. State*, 549 S.W.2d 181 (Tex.Cr. App.1977); *Means v. State*, 552 S.W.2d 166

(Tex.Cr.App.1977). The sufficiency of the evidence will be considered on appeal, but not in a habeas corpus proceeding. *Ex parte Sepulvada*, 172 Tex.Cr.R. 455, 358 S.W.2d 630 (1962); *Ex parte Wingfield*, 162 Tex.Cr.R. 112, 282 S.W.2d 219 (1955), cert. denied 350 U.S. 1002, 76 S.Ct. 553, 100 L.Ed. 866 (1956).

Where there has been no evidence upon which to base a conviction, a violation of due process has occurred and the conviction may be attacked collaterally in a habeas corpus proceeding.

We hold in the present case that no violation of due process has been shown.

The relief sought is denied.

Before the court en banc.

## ON PETITIONER'S MOTION FOR REHEARING

PHILLIPS, Judge, dissenting

The majority of this Court decides to deny petitioner's motion for rehearing which challenges the original panel decision to deny habeas corpus relief to a petitioner convicted on the basis of a fundamentally defective jury charge which provided an alternative theory of culpability not alleged in the indictment. While I concur in the opinion of Judge Clinton, I do not think it is necessary to reach the ineffective assistance of counsel claim. Because this Court will reverse a conviction on appeal when no trial objection is lodged against the defective charge and no ground of error is asserted on appeal identifying such defect, there is no basis in reason or law not to grant relief when such a defect is brought to our attention by way of habeas corpus proceedings under Article 11.07, V.A.C.C.P.

Although charged with committing aggravated robbery under V.T.C.A., Penal Code, Sections 29.02(a)(2) and 29.03(a)(2), the trial court's charge to the jury authorized petitioner's conviction for aggravated robbery on every conceivable theory provided under Sections 29.02 and 29.03, supra.

This type of error has been held fundamental error when no trial objection is made because it is "calculated to injure the rights of [the] defendant." See Article 36.-19, V.A.C.C.P.; *Gooden v. State*, 140 Tex. Cr.R. 347 and 351, 145 S.W.2d 177 and 179; *Morter v. State*, 551 S.W.2d 715 (Tex.Cr. App.); *Davis v. State*, 557 S.W.2d 303 (Tex. Cr.App.); *Edmond v. State*, 566 S.W.2d 609 (Tex.Cr.App.); *Johnson v. State*, 573 S.W.2d 778 (rehearing denied December 13, 1978); *Brewer v. State*, 572 S.W.2d 940 (Tex.Cr. App.); *Armstead v. State*, 573 S.W.2d 231 (Tex.Cr.App.); *Bridges v. State*, 574 S.W.2d 143 (Tex.Cr.App.); *Garcia v. State*, 574 S.W.2d 133 (Tex.Cr.App.). The error has been addressed as reversible, notwithstanding the failure to raise it expressly on direct appeal, i. e., reviewed in the interest of justice under Article 40.09(13), V.A.C.C.P. *Edmond v. State*, supra; *Jones v. State*, 566 S.W.2d 939 (Tex.Cr.App.); *Morter v. State*, supra. It is evident from these cases and this Court's decision to deny rehearing in *Brewer v. State*, supra, that the type of error involved here is fundamental, calculated to injure an accused's rights and reviewable in the interest of justice. Since the error is in the trial court's directions to the jury, it affects the integrity of the fact-finding process. It constitutes a failure to provide the jury with "a written charge distinctly setting forth the law applicable to the case." Article 36.14, V.A.C. C.P. Such error misdirects the jury in its deliberations and fact-finding. See *Williams v. State*, 547 S.W.2d 18 (Tex.Cr.App.); *Williams v. State*, 508 S.W.2d 83 (Tex.Cr. App.); *Bellah v. State*, 415 S.W.2d 418; *Cleaver v. State*, 498 S.W.2d 945 (Tex.Cr. App.).

The issue presented to this Court by the instant application is whether a post-conviction challenge under Article 11.07, V.A.C. C.P., changes the treatment to be accorded such errors. If fundamental error, calculated to injure a criminal defendant's rights, is cognizable in the interest of justice when not expressly raised on direct appeal, there is no reason to consider the error any less injurious or fundamental when brought directly to our attention under Article 11.07, V.A.C.C.P. Indeed, in the instant case petitioner appealed to this Court and the funda-

mental error reflected in the appellate record was not reached. To deny relief here is to condone an unequal administration of law by this Court. The panel in this case, partially consisting of two judges who dissented to the denial of rehearing in *Brewer*, supra, denied relief to petitioner who raised this issue in terms of a denial of due process. Much reliance was placed on other dispositive errors which, although reviewable and reversible if raised on direct appeal, are not reversible on a collateral attack without a showing of harm. *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.) (untimely sentence pronouncement); *Ex parte Meadows*, 418 S.W.2d 666 (Tex.Cr.App.) (failure to file waiver of time for appointed counsel to prepare for trial). However, this Court wrote in *Ex parte Shields*:

> . . . Habeas corpus lies only to review jurisdictional defects or denials of fundamental or constitutional rights.

The error involved here is sui generis. It has been determined to be prejudicial or harmful under the standards set out in Article 36.19, V.A.C.C.P. The errors analogized in the panel opinion are not so clearly prejudicial to a defendant's rights. Although the sentence was untimely pronounced, a defendant has already been adjudged guilty and may not have any issues to raise on a motion for new trial or in arrest of judgment. *Ex parte Shields*, supra. Although a waiver document is not entered of record, counsel may be prepared for trial. *Ex parte Meadows,* supra. Yet, when the jury is authorized to consider alternative theories for the commission of an offense not charged in the indictment and/or supported by evidence, grievous harm lurks. The harm or its potential does not vary according to *when* the error at its foundation is brought to our attention.

On whether this type of error violates federal due process, the United States Supreme Court has written:

No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. . . . It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. [*Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948)]

Conviction upon a charge not made would be sheer denial of due process. [*DeJonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937)]

There is no meaningful distinction between the "charge" referred to by the Supreme Court above and the "alternative theory of culpability" at issue in the *Gooden* line of cases. The belated insertion of the alternative theory in the trial court's charge to the jury is "calculated to injure the rights of [a] defendant," since he was never apprised of the State's intention to prosecute him on the distinct, alternative theory. Tex.Const. Art. I, Sec. 10. The jury is not guided by the trial court to deliberate on the defendant's guilt or innocence "as charged" in the indictment. Due process and due course of law are breached by such a practice.

The panel also relied on *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), for the conclusion that the inclusion of an alternative theory of culpability in that part of the trial court's charge which applies the law to the facts of the case does not violate federal due process rights. U.S.Const. XIV Amendment. That case considered whether a "presumption of truthfulness"[1] instruction in a state court jury charge violated the habeas petitioner's due process rights. The case is distinguishable.

---

1. The complained of instruction read:

    Every witness is presumed to speak the truth. This presumption may be overcome by the manner in which the witness testifies, by the nature of his or her testimony, by evidence affecting his or her character, interest, or motives, by contradictory evidence, or by a presumption.

    *Id.*, 414 U.S. at 141, 94 S.Ct. at 398.

First, the Supreme Court noted that the Oregon Court of Appeals held provision of the instruction was not error. The Oregon Supreme Court denied a petition for review. The instruction had "an independent origin in Oregon practice" and was upheld previously against a constitutional challenge before the Oregon Supreme Court. *Id.*, 414 U.S. at 144–145, 94 S.Ct. at 399. The Supreme Court was giving "appropriate respect for the deliberative judgment of a state in so basic an exercise of its jurisdiction." *Id.*, 414 U.S. at 149, 94 S.Ct. at 401. This "jurisdiction" has concluded the provision of an alternative theory of culpability in applying the law to the facts is not only error, but fundamental error "calculated to injure the rights of [a] defendant" and cognizable in the interest of justice. See Articles 36.19 and 40.09(13), V.A.C.C.P.

Second, "a single instruction to a jury may not be judged in artificial isolation, . . ." *Cupp v. Naughten*, 414 U.S. at 146–147, 94 S.Ct. at 400. It was in discussing this method of reviewing a "single instruction" that the Court wrote:

> . . . the question is . . . whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.

*Id.*, 414 U.S. at 147, 94 S.Ct. at 400. We are not here concerned with a single, isolated instruction, but the essence of the trial court's charge to the jury: the application of the law to the facts.

Finally, even should federal courts determine the error at issue here is not violative of the federal right to due process as secured by the Fourteenth Amendment, the error breaches our citizens' right to due course of law as secured to them under the Texas Constitution, Art. I, Section 19.

*Ex parte Gomez*, 389 S.W.2d 308 (Tex.Cr. App.) is relied on by the panel, but the precedential value of that decision, as it applies to the issue now before us, must be seriously questioned. The precise defect in the court's charge was never identified. No authority is cited for the blanket proposition that errors in the court's charge cannot be raised by habeas corpus. No discussion is made of the standard of review on direct appeal when timely objection is not made.

For the foregoing reasons, I vigorously dissent from the denial of petitioner's motion for rehearing in this cause.

CLINTON, Judge, dissenting.

In an original opinion delivered December 13, 1978 a panel of this Court denied post-conviction habeas corpus relief sought under Article 11.07, V.A.C.C.P. The sole contention addressed by the Court was a "*Robinson*" error in the charge to the jury, *Robinson v. State*, 553 S.W.2d 371 (Tex. Crim.App.1977). It has been sufficiently shown that the opinion of the Court was delivered and its mandate issued during a time when petitioner was without counsel in this cause.[1] Upon his obtaining new counsel, given the circumstances outlined in the footnote below, we recalled the mandate and granted leave to file motion for rehearing January 31, 1979. The Court now overrules the motion without written opinion. I dissent.

Petitioner claims relief not only because of a fundamental error in the charge of the court, as noted in our original opinion, but also because he was denied effective assistance of counsel on appeal from his conviction since his attorney failed to raise the fundamental defect in the charge of the court as a ground of error, a contention the panel opinion does not decide.[2] The indict-

1. Attorneys for petitioner are designated by Staff Counsel for Inmates, Texas Department of Corrections. The attorney who initially represented petitioner and prepared and filed his original application for writ of habeas corpus terminated employment with Staff Counsel for Inmates after this cause was set for submission and a replacement lawyer was not designated for more than two weeks. Present designated counsel acted with diligency in reviewing the

original opinion of this Court, the record in this cause and preparing motion to recall mandate, leave to file motion for rehearing en banc and motion for rehearing en banc which were received by the Clerk of this Court January 19, 1979.

2. The statement in the panel opinion that relief was denied by this Court September 20, 1978 is erroneous, but inadvertently stated. The Clerk

ment in the primary case, whose date does not clearly appear, alleges the offense of aggravated robbery on August 24, 1975 in that petitioner then and there:

"while in the course of committing theft . . . intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

November 12, 1975 a jury returned a verdict finding petitioner guilty of aggravated robbery as charged in the indictment and on the same day assessed punishment at confinement for a period of 30 years.[3] November 26, 1975 the trial court sentenced defendant to confinement at not less than 5 nor more than 30 years and remanded him to the custody of the sheriff to carry out the sentence. On that same date notice of appeal was given.

September 21, 1977 in our Cause No. 53,795 the conviction was affirmed in a per curiam opinion, 555 S.W.2d 134.

Meanwhile, July 13, 1977 this Court delivered its opinion in *Robinson v. State,* supra. Robinson was tried on an indictment that alleged that on or about March 7, 1975 he then and there:

". . . while in the course of committing theft . . . intentionally and knowingly threatened and placed the Complainant in fear of imminent bodily injury and death, by using and exhibiting . . . a pistol."

Applying the law to the facts in *Robinson* the court charged the jury to find him guilty if he:

"intentionally, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and . . . that in so doing the foregoing acts, if you so find, the defendant caused serious bodily injury to (complainant) or the defendant used or exhibited a deadly weapon, to-wit, a pistol, then you will find the defendant guilty of aggravated robbery as charged in the indictment . . . ."

In the instant cause a district court in the same county wherein Robinson had been tried and convicted instructed the jury to find Coleman guilty if he:

"intentionally, knowingly or recklessly caused bodily injury or intentionally or knowingly threatened or placed the complainant in fear of imminent bodily injury or death and . . . that in so doing the foregoing acts, if you do so find, that the defendant caused serious bodily injury to (complainant) or the defendant used or exhibited a deadly weapon, to-wit, a pistol, then you will find the defendant guilty as charged in the indictment."

The *Robinson* opinion found and concluded, 553 S.W.2d at 375:

"While the charge authorized a conviction upon the theory alleged in the indictment, it also authorized a conviction upon every other conceivable theory under § 29.02 and § 29.03 which was not alleged in the indictment. We conclude that fundamental error is reflected and the conviction based on count one of the indictment must be reversed."

To the reversal of the judgment, one judge dissented.[4] The original panel opinion de-

---

of the Court received two applications in behalf of petitioner on the same day and cursory examination would lead one to believe each is a duplicate of the other. On closer review, however, one was a pro se application given Cause No. 234172–A in the court below while the other was filed by counsel for petitioner and given Cause No. 234172–B in the court below. The September 20, 1978 denial was of the former, the pro se petition No. 234172–A.

**3.** Inexplicably the judgment of the court states that the offense was committed on the 17th day

of July, 1975, as opposed to the August 24 date alleged in the indictment.

**4.** As shown by authorities quoted and cited, the finding and conclusion of *Robinson* merely followed precedent going back as far as 1882; see, e.g., *Ross v. State,* 487 S.W.2d 744 (Tex. Crim.App.1972) and authorities cited therein. What *Robinson* did do was to apply settled doctrine to a form indictment and charge in aggravated robbery cases drawn under the new penal code and apparently utilized by nearly every court in the particular county. Thus *Robinson* itself became precedent for reversal

nied relief because of its conclusion that a violation of due process did not follow from the erroneous charge of the court. The panel did recognize that the defect in the charge was held to be reversible error in *Robinson,* supra—though the *Robinson* charge was not challenged by objection yet the Court concluded it constituted fundamental error which, by definition, means one calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial. Nor, although it was raised as a basis for habeas relief, did the panel consider the claimed denial of effective assistance of counsel on appeal for failure to raise the fundamental defect in the charge as a ground of error. Had it done so the panel may well have reached a different conclusion—as I have and now develop the basis for it.

In a post-conviction habeas corpus proceeding under the provisions of Article 11.-07, V.A.C.C.P., this Court has granted appropriate relief where it is shown that an indigent accused has been convicted, expressed a desire to appeal and failed to obtain a court-appointed attorney, *Ex Parte Perez,* 479 S.W.2d 283 (Tex.Crim.App.1972), because effective assistance of counsel on appeal is constitutionally required, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Swenson v. Bosler,* 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). Moreover it is the duty of appointed appellate counsel to support the appeal of his client to the best of his ability, *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967):

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* * * * His role as an advocate requires that he support his client's appeal to the best of his ability."

What has come to be known as an *"Anders"* brief must refer to "anything in the record that might arguably support the appeal." That is our rule as well, *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969).[5]

Had an objection been made to the "Robinson" feature of the charge and been overruled, on appeal a ground of error complaining of the ruling clearly would have been sustained, *Dowden v. State,* 537 S.W.2d 5 (Tex.Cr.App. 1976); absent an objection to the charge, on appeal a ground asserting fundamental error would have been sustained, *Robinson v. State,* supra, 553 S.W.2d at 374–375; without an objection to the charge and even absent a ground asserting fundamental error on original submission, still had the matter been raised by motion for rehearing it would have been upheld, *Gooden v. State,* 576 S.W.2d 382 (Tex.Cr. App. 1979); finally, even without the error being assigned, if noted by the court it will be reviewed in the interest of justice and the judgment of conviction reversed and the cause remanded, *Hawkins v. State,* 579 S.W.2d 923 (Tex.Cr.App. 1979).

In assaying effectiveness of counsel at the trial court level, failure to lodge an otherwise meritorious objection to the court's charge may be significant; cf. *Hunnicutt v. State,* 531 S.W.2d 618, 624 (Tex. Crim.App.1976). Patently, had appellate counsel called attention to the manifestly erroneous charge, by way of ground of er-

in a host of aggravated robbery cases from that county, one of the most recent of which is *Gooden v. State,* 576 S.W.2d 382 (1979) in which the concurring opinion on motion for rehearing collects and cites a number of reversals from that county and others.

5. On original appeal, a showing of indigency having been made, appellant was represented by appointed counsel and transcription of notes of the court reporter was done at State's expense. Although not labeled an *"Anders"* brief, appended to it is a letter from appointed counsel to appellant that accords with the noti-

fication procedure of *Anders* and *Gainous,* supra. The brief itself purports to raise four grounds of error, three of which complain of relatively minor discrepancies in the indictment and the last asserting an unlawful search and seizure that was quickly disposed of in the per curiam opinion, primarily on the basis that this Court's decision in *White v. State,* 521 S.W.2d 255 (Tex.Crim.App.) was reversed by the Supreme Court of the United States in *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1976) before the appellate brief had been filed.

**312**

ror, motion for rehearing or other proper manner, this Court would have been impelled to reverse and remand. Assuming that the test applied to determine "effective" counsel at trial is the same for appellate counsel—reasonably likely to render *and rendering* reasonably effective assistance—I cannot say that our relator here was rendered effective assistance on original appeal; cf. *Fuller v. State*, 423 S.W.2d 924, 927–928 (Tex.Crim.App.1968).

Moreover, had this Court noted the erroneous charge, as in *Hawkins*, supra, in the interest of justice we would have reviewed the error and reversed the conviction.

In a very real sense, then, with respect to relator the criminal justice system "has failed, and the state's consequent imprisonment . . . of the defendant is fundamentally wrong," *Fitzgerald v. Estelle*, 505 F.2d 1334, 1336 (5 Cir., En Banc, 1975).[6]

Thus, I conclude that violations of the due process clause of the Fourteenth Amendment and of the due course clause of Art. I, Sec. 19 of the Bill of Rights in the Texas Constitution, as well, have been shown. Accordingly, relator is entitled to the primary relief he seeks, release from confinement in the Texas Department of Corrections. To refusal of the Court to grant that relief, I respectfully dissent.

ONION, P. J., and ROBERTS and PHILLIPS, JJ., join.

---

**6.** The quoted phrase appears in a context of *identifying* "[r]equisite Fourteenth Amendment state action," regardless of whether counsel is retained or appointed. Agreeably to the proposition, a minority of the Court found that State action is satisfied because "the State adjudicatory machinery is inextricably intertwined with the conduct" of counsel.