**Dale Lee TEDRICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58232.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 20, 1979.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Gerald R. Flatten, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment, enhanced by a prior felony conviction, is imprisonment for life.

Appellant urges in a supplemental brief that the trial court's charge contains fundamental error, in that it authorizes a conviction on a theory of aggravated robbery which is not alleged in the indictment.

Sec. 29.03(a) of the penal code provides:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon."

The indictment in this case alleged the offense of aggravated robbery only under Sec. 29.03(a)(2), supra. The trial court's charge, however, authorized a conviction under either Sec. 29.03(a)(1) or Sec. 29.03(a)(2). This was error. Appellant did not object to the charge, but an objection is not necessary to preserve the error because this Court has held in numerous cases that the error is fundamental. See e. g. *Gooden v. State*, 576 S.W.2d 382 (Tex.Cr.App.1979); *Brewer v. State*, 572 S.W.2d 940 (Tex.Cr. App.1978); *Jones v. State*, 566 S.W.2d 939 (Tex.Cr.App.1978); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977); *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977).

The judgment must be reversed and the cause remanded.