**Odis Thomas HAMMOND, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59753.

Court of Criminal Appeals of Texas, En Banc.

July 18, 1979.

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, David B. Lobingier and William D. Kane, Jr., Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed by the jury at 60 years.

At the outset, we are confronted by appellant's contention that the jury charge was fundamentally defective. The indictment alleges that appellant committed robbery under V.T.C.A., Penal Code Sec. 29.-02(a)(2), by intentionally and knowingly threatening and placing another in fear of imminent bodily injury or death. The charge to the jury authorized a conviction if appellant either committed robbery as alleged in the indictment or committed robbery as defined by V.T.C.A., Penal Code Sec. 29.02(a)(1), by causing bodily injury. Also, the indictment alleges that the robbery was aggravated pursuant to V.T.C.A.,

Penal Code Sec. 29.03(a)(2), in that appellant used and exhibited a deadly weapon. The charge authorized conviction either on this theory or because appellant caused serious bodily injury pursuant to V.T.C.A., Penal Code Sec. 29.03(a)(1).

A jury charge is fundamentally defective if it authorizes the jury to convict a defendant on a theory not alleged in the indictment. *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371. The instant case presents us with a jury charge which authorized conviction on both a robbery theory and an aggravation theory not alleged in the indictment. It is therefore fundamentally defective.

The judgment is reversed and the cause is remanded.