**Vivian Cegail JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0136–CR.**

Court of Appeals of Texas,
Tyler.

Aug. 12, 1982.

Nov. 3, 1982.

Discretionary Review Refused

Dick DeGuerin, Houston, for appellant.

Bill Warren, Center, for appellee.

McKAY, Justice.

This appeal is from a conviction for delivery of a controlled substance. Trial was before a jury. Punishment was assessed at ten years confinement and a $5,000 fine.

Appellant's sole ground of error asserts that the trial court committed fundamental error in the court's charge because it authorized conviction on a theory not pleaded in the indictment.

The indictment reads, in part, "did then and there unlawfully, intentionally, and knowingly deliver to Curtis L. Beckham a controlled substance, to-wit: phenmetrazine *and the said delivery was then and there accomplished by the actual transfer of said phenmetrazine* from Vivian Cegail Jackson to Curtis L. Beckham . . . ." [1]

The definitional portion of the court's charge reads: " 'Deliver' or 'delivery' means the *actual or constructive transfer* from one person to another of a controlled substance, whether or not there is an agency relationship." The charging portion of the charge reads: "Now, if you find from the evidence beyond a reasonable doubt that on or about the 21st day of May, 1980 in Shelby County, Texas, the defendant, Vivian Cegail Jackson, did intentionally and knowingly deliver a controlled substance, to-wit, phenmetrazine, to Curtis L. Beckham, *as alleged in the indictment,* then you will find her guilty as charged."

---

1. All emphasis is the Court's unless otherwise    noted.

Appellant argues that although the indictment specified that she was charged with the delivery of phenmetrazine by "actual transfer," the court's charge failed to limit the jury to that method of violating the statute because it authorized conviction upon a finding of delivery by "the actual or constructive transfer from one person to another."

Among other cases, appellant cites *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App. 1977). We do not believe *Robinson* controls this case. The court said there, "While the charge authorized a conviction upon the theory alleged in the indictment, it also authorized a conviction upon every other conceivable theory under § 29.02 and § 29.-03 which was not alleged in the indictment. We conclude that fundamental error is reflected and the conviction based on count one of the indictment must be reversed." *Id.* at 375.

We cannot agree with appellant that the trial court's definition of delivery in the charge constituted fundamental error. In *Grady v. State*, 634 S.W.2d 316 (Tex.Cr.App. 1982), the court of criminal appeals said:

Fundamental error in a trial court's charge does not occur unless it ... was calculated to injure the rights of a defendant or that from the record as a whole it reflects that the error in the charge prevented a defendant from receiving a fair and impartial trial. *Boles v. State*, 598 S.W.2d 274, 278 (Tex.Cr.App. 1980).

We conclude that any error in the charge was neither calculated to injure the rights of appellant nor prevented appellant from receiving a fair and impartial trial since the trial court in its charging paragraph limited the jury's finding of guilt to the offense of actual transfer by the language "as alleged in the indictment." *See Toler v. State*, 546 S.W.2d 290, 293 (Tex.Cr.App.1977). Thus, the charge submitted to the jury did not authorize a conviction on proof less than or different from that required to prove the allegations in the indictment. *Cumbie v. State*, 578 S.W.2d 732, 735 (Tex.Cr.App. 1979).

Judgment of the trial court is affirmed.

