Robert Lee BOLTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 56289.

Court of Criminal Appeals of Texas, Panel No. 1.

March 7, 1979.

Ray A. Bass, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Gerald Flatten, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated robbery. Upon a finding that the two allegations of prior final convic-

tions were true, the penalty was assessed at life imprisonment.

At the outset we note fundamental error in the court's charge to the jury wherein it applies the law of the State to the facts of this cause. Omitting the formal parts, the indictment in the instant cause reads:

> . . . ROBERT LEE BOLTON . . , heretofore on or about January 19, 1975, did then and there unlawfully while in the course of committing theft of money, one watch and one television owned by Floyd E. West, hereafter styled the Complainant, and with intent to obtain and maintain control of the property intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely a pistol.

In applying the law to the facts in this cause, the trial court instructed the jury as follows:

> Now, if you find from the evidence beyond a reasonable doubt, that on or about the 19th day of January, 1975 in Harris County, Texas, the defendant, Robert Lee Bolton, did, without the effective consent of Floyd E. West, the owner, take and exercise control over the corporeal personal property of Floyd E. West, to wit, money or one watch or one television, from the possession of Floyd E. West, with intent then and there to deprive Floyd E. West of said money or one watch or one television, and that said defendant, in so doing, and with intent to acquire and maintain control of said money or one watch or one television, *intentionally, knowingly, or recklessly caused bodily injury to said owner* or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, *the defendant caused serious bodily injury to Floyd E. West* or the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find the de-

fendant guilty of aggravated robbery as charged in the indictment.
(Emphasis added)

The provision of this alternative theory of culpability in the court's charge when not expressly alleged in the indictment has consistently been considered fundamental error, calculated to injure the rights of defendants and reviewable in the interest of justice by this Court. See Articles 36.19 and 40.09(13), V.A.C.C.P.; *Gooden v. State*, 140 Tex.Cr.R. 347 and 351, 145 S.W.2d 177 and 179; *Morter v. State*, Tex.Cr.App., 551 S.W.2d 715; *Davis v. State*, Tex.Cr.App., 557 S.W.2d 303; *Edmond v. State*, Tex.Cr. App., 566 S.W.2d 609; *Jones v. State*, Tex. Cr.App., 566 S.W.2d 939. There are also numerous recent unpublished cases to the same effect.

In light of the error noted above, the judgment of conviction is reversed and the cause remanded.