**Frank GONZALES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56729.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 28, 1979.

David Diaz, Corpus Christi, court appointed, for appellant.

William B. Mobley, Jr., Dist. Atty. and Eric G. Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for the offense of aggravated robbery. V.T.C.A. Penal Code, Sec. 29.03. The appellant pled true to the second and third paragraphs of the indictment alleging two prior felony convictions. The court then assessed punishment at life. V.T.C.A.Penal Code, Sec. 12.42(d).

The appellant in his brief raises nine grounds of error. The State has filed an able brief responding to each of the contentions raised by the appellant and in addition has called our attention to a possible fundamental error in the charge.

The indictment in the instant case alleges in pertinent part that the appellant:

"while in the course of committing theft and with intent to obtain and maintain control of property of Delfino Motta, to wit: United States money, did then and there by using and exhibiting a deadly weapon, to wit: a knife that in the manner of its use and intended use was capable of causing death and serious bodily injury, intentionally and knowingly threaten Delfino Motta with imminent bodily injury and death and intentionally and knowingly place Delfino Motta in

fear of imminent bodily injury and death. . . ."

In Paragraph V of the charge, the jury was instructed as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of December, 1976, in Nueces County, Texas, the Defendant, Frank Gonzales, Jr., while in the course of committing theft and with intent to obtain and maintain control of property of Delfino Motta, to wit: United States money, did then and there by using and exhibiting a deadly weapon, to wit: a knife that in the manner of its use and intended use was capable of causing death and serious bodily injury, intentionally and knowingly threaten Delfino Motta with imminent bodily injury and death and intentionally and knowingly place Delfino Motta in fear of imminent bodily injury and death, or if you find from the evidence beyond a reasonable doubt that while in the course of committing theft and with intent to obtain and maintain control of property of Delfino Motta, to wit: United States money, *the Defendant caused serious bodily injury to Delfino Motta*, then you will find the Defendant guilty of aggravated robbery as charged in the indictment." [Emphasis supplied.]

The instruction clearly authorizes a conviction on the basis of a theory not charged in the indictment. There was no objection to this charge at the time of trial. The State in its brief urges that under *Williams v. State*, Tex.Cr.App., 535 S.W.2d 352, the charge is not fundamentally defective. This Court in numerous recent cases held that a charge which authorizes a conviction on a theory not alleged in the indictment is fundamentally defective and a reversal is mandated on direct appeal. See e. g., *Gooden v. State*, Tex.Cr.App., 576 S.W.2d 382; *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371; *Davis v. State*, Tex.Cr.App., 557 S.W.2d 303; *Edmond v. State*, Tex.Cr.App., 566 S.W.2d 609; *Jones v. State*, Tex.Cr.App., 566 S.W.2d 939; *Smith v. State*, Tex.Cr.App., 570 S.W.2d 958; *Brewer v. State*, Tex.Cr.App., 572 S.W.2d 940; *Armstead v.*

*State*, Tex.Cr.App., 573 S.W.2d 231; *Johnson v. State*, Tex.Cr.App., 573 S.W.2d 778; *Cleland v. State*, Tex.Cr.App., 575 S.W.2d 296; *Fella v. State*, Tex.Cr.App., 573 S.W.2d 548; *Bridges v. State*, Tex.Cr.App., 574 S.W.2d 143; *Donald v. State*, Tex.Cr. App., 574 S.W.2d 119; *Moore v. State*, Tex. Cr.App., 574 S.W.2d 553.

The holdings in the foregoing cases require reversal of this cause.

The judgment is reversed and the cause is remanded.