**Tommy Earl SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55659.

Court of Criminal Appeals of Texas, En Banc.

Feb. 6, 1980.

Phil Brown, on appeal only, Lubbock, for appellant.

Marvin F. Marshall, Dist. Atty., Plainview, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION
FOR REHEARING

ONION, Presiding Judge.

Our prior opinion is withdrawn. This is an appeal from a murder conviction, where the jury had assessed punishment at fifty (50) years' imprisonment.

Appellant now urges that this Court consider his contention raised for the first time on rehearing that the court's charge at the guilt stage of the proceedings was fundamentally defective in that it authorized conviction upon a theory not charged in the indictment. He contends this matter should be considered as unassigned error "in the interest of justice." See Article 40.09, Sec. 13, V.A.C.C.P.

V.T.C.A., Penal Code, Sec. 19.02 (Murder), provides:

"(a) A person commits an offense if he:

"(1) intentionally or knowingly causes the death of an individual;

"(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

"(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

"(b) An offense under this section is a felony of the first degree."

The one-count indictment, omitting the formal parts, alleges the appellant on or about June 11, 1976 "did then and there unlawfully knowingly and intentionally cause the death of an individual, Edward Glenn Owens, by shooting him with a gun . . . ."

The indictment charged the offense of murder under the theory of V.T.C.A., Penal

Code, § 19.02(a)(1). The charge instructed the jury in Paragraph 1 that:

"Our law provides that a person commits murder if he intentionally and knowingly causes the death of an individual, or intends to cause serious injury and commits an act clearly dangerous to human life that causes the death of an individual."

In paragraph four of the charge in applying the law to the facts, the court instructed the jury:

"Now if you should find and believe from the evidence beyond a reasonable doubt that on or about the 11th day of June 1976 in Hale County, Texas, the defendant, Tommy Earl Scott, did intentionally and knowingly cause the death of Edward Glenn Owens by shooting him with a firearm, to wit: a gun, *or* did then and there intend to cause serious bodily injury to the said Edward Glenn Owens and with said intent to cause such injury did commit an act clearly dangerous to human life, to wit: shooting at Edward Glenn Owens with a gun and causing the death of the said Edward Glenn Owens, *as alleged in the indictment,* then you will find the defendant guilty of murder." (Emphasis supplied.)

Appellant contends the court authorized the jury to convict either upon the theory of murder actually charged in the indictment under V.T.C.A., Penal Code, § 19.02(a)(1), or upon the theory under V.T.C.A., Penal Code, § 19.02(a)(2), not charged in the indictment. Although there were no objections or special requested charges directed to the charge, appellant contends the instruction above was fundamental error.

It is well settled that it is fundamental error when the charge to the jury substitutes a theory of the offense completely different from the theory alleged in the indictment. See, e. g., *Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940); *Ross v. State,* 487 S.W.2d 744 (Tex.Cr.App.1972); *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr. App.1979), and cases there cited.

It is also fundamental error when the charge to the jury authorizes conviction on the theory of the offense alleged in the indictment and on one or more theories of the offense not alleged in the indictment. See *Cumbie v. State,* supra, and cases there cited. "Such a charge would permit conviction on proof different from (and sometimes less than) that required to prove the allegations in the indictment." *Cumbie* at 734.

While many of the reversals stem from a fundamental error committed in charges in aggravated robberies, they have occurred in other types of cases. See *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App. 1978); *Fella v. State,* 573 S.W.2d 548 (Tex. Cr.App.1978) (voluntary manslaughter); *Morter v. State,* 551 S.W.2d 715 (Tex.Cr. App.1977) (injury to a child); *Shaw v. State,* 557 S.W.2d 305 (Tex.Cr.App.1977) (burglary); *Long v. State,* 548 S.W.2d 897 (Tex.Cr.App.1977) (theft).

For the fundamental error here committed, the appellant's motion is granted, the affirmance is set aside, and the judgment is reversed and the cause is ordered remanded.

DOUGLAS, DALLY and W. C. DAVIS, JJ., dissent.