**Donald Ray MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62737.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 12, 1980.

Rehearing Denied Jan. 14, 1981.

---

Malcolm Dade, Dallas, Mack Barnhart, Gainesville, for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. After the jury found appellant guilty, the court assessed punishment at thirty-five years.

In his first ground of error, appellant maintains that the court's charge to the jury is fundamentally defective because it authorized a conviction on a theory not alleged in the indictment. Appellant filed a written objection to the court's charge which complained of "the use of the words 'threaten or' ... for the reason that it permits [a] conviction on a theory not alleged in the indictment." The objection was overruled.

The indictment in this case alleges that on September 17, 1976, appellant:

"did then and there while in the course of committing theft and with intent to obtain property of Mary Lou Anderson, to-wit: lawful money of the United States, without the effective consent of the said Mary Lou Anderson and with intent to deprive the said Mary Lou Anderson of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a gun, *intentionally and knowingly place* Mary Lou Anderson in fear of imminent bodily injury," (Emphasis added).

In applying the law to the facts of the case, the court charged the jury in the following manner:

"Now, if you find from the evidence, beyond a reasonable doubt, that the defendant, DONALD RAY MORRIS, acting either alone or with another person, or persons, on or about the 17th day of September, 1975, in Hunt County, Texas, did then and there while in the course of

committing theft, as that term is defined to you in this charge, and with intent to obtain or maintain control of the property of Mary Lou Anderson to-wit: lawful money of the United States without the effective consent of the said Mary Lou Anderson, of said property, did then and there *intentionally or knowingly threaten or place* the said Mary Lou Anderson in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant, acting either alone or with another person or persons, used or exhibited a deadly weapon, namely a firearm, then, you will find the defendant, DONALD RAY MORRIS guilty of aggravated robbery, as charged in the indictment. If you do not so find and believe from the evidence, beyond a reasonable doubt, then, you will find the defendant not guilty of aggravated robbery." (Emphasis added).

■ When the court's charge authorizes a conviction on a theory not alleged in the indictment, the charge is fundamentally defective and reversal is mandated on direct appeal. *Gonzales v. State*, Tex.Cr.App., 578 S.W.2d 736; *Gooden v. State*, Tex.Cr.App., 576 S.W.2d 382; *Robinson v. State*, Tex.Cr. App., 553 S.W.2d 371. In *Lee v. State*, Tex.Cr.App., 577 S.W.2d 736, this Court found fundamental error in the court's charge to the jury and we stated as follows:

"The indictment alleged, inter alia, that appellant committed aggravated robbery by using and exhibiting a handgun and by placing the complaining witness in fear of imminent bodily injury and death. The jury charge, in contrast, authorized a conviction if appellant either threatened or placed the complaining witness in fear of imminent bodily injury or death. This constituted an enlargement upon the allegations in the *indictment since it authorized the jury to convict appellant upon finding facts that had not been alleged. See, V.T.C.A., Penal Code Sec. 29.02(a)(2). It is now well established that such error is fundamental. . . . "

The State's reliance on *Cumbie v. State*, Tex.Cr.App., 578 S.W.2d 732, is misplaced. In that case, we found no fundamental error in the court's charge adding the words "or death" to the allegation of the indictment that the defendant threatened and placed the complainants in fear of imminent bodily injury. In *Cumbie, Lee v. State*, supra, was specifically noted as an example of the type of case in which the charge authorizes a conviction on a theory alleged in the indictment and on one or more other theories not alleged in the indictment. The defect of such a jury charge is that it permits a conviction on proof different from and sometimes less than that required to prove the allegations in the indictment. *Cumbie v. State*, supra at 734.

Appellant's indictment alleges that he placed the complainant in fear of imminent bodily injury, however the charge authorized a conviction if the jury found that he threatened or placed the complainant in fear of imminent bodily injury. The charge therefore permitted a conviction on proof different from that required to prove the allegations of the indictment. We find the court's charge to be fundamentally defective.

The judgment is reversed and the cause is remanded.

DOUGLAS, J., dissents.

## ON DENIAL OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING WITHOUT WRITTEN OPINION

McCORMICK, Judge, concurring.

The panel decision goes beyond the necessary steps for the disposition of appellant's ground of error. I concur in denial of the State's motion for rehearing to clarify what should be the correct resolution.

Reiterating the panel opinion, appellant did file a written objection to the court's charge. Appellant complained that "the use of the words 'threaten or' . . . permits [a] conviction on a theory not alleged in the indictment." The objection was overruled.

This Court has previously held that a charge authorizing a conviction upon a theory not alleged in the indictment is erroneous. *Dowden v. State*, 537 S.W.2d 5 (Tex. Cr.App.1976). When an objection to the charge is not made, the error should be waived. *Williams v. State*, 535 S.W.2d 352 (Tex.Cr.App.1976); *see Gooden v. State*, 576 S.W.2d 382 (Tex.Cr.App.1979) (Dally, J., concurring). However, failure of the trial court to sustain a proper objection that the charge includes an offense not alleged in the indictment is reversible error. *Walton v. State*, 575 S.W.2d 25 (Tex.Cr.App.1978); *Dowden v. State*, supra; *see Dirck v. State*, 579 S.W.2d 198 (Tex.Cr.App.1979) (opinion on appellant's motion for rehearing).

I would reverse the judgment, holding that the appellant properly objected to the erroneous charge. I cannot follow the panel's opinion that the charge was fundamentally defective.