**David Marcos VERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–190–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 15, 1990.

Michael Sheppard, Cuero, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

Before BENAVIDES, KENNEDY, and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

A jury found David Marcos Vera guilty of possession of cocaine, and the court assessed punishment at forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises, among other points, a challenge to the sufficiency of the evidence to prove that he possessed the amount of cocaine alleged in the indictment. We reverse the judgment of the trial court, remand the cause, and order an acquittal.

■ By his third point of error, appellant contends that the trial court erred in denying his request for a directed verdict be-cause the evidence was not sufficient to prove that he possessed the amount of cocaine specifically alleged in the indictment. The indictment alleged that appellant "intentionally and knowingly possess[ed] a controlled substance, namely COCAINE of less than two hundred grams but at least twenty-eight grams." The term "controlled substance" does not necessarily include adulterants and dilutants. *Farris v. State*, slip op. at 4 (Tex.Crim. App., October 10, 1990) (not yet reported); *Reeves v. State*, slip op. at 6 (Tex.Crim. App., September 12, 1990) (not yet reported). Hence, if adulterants and dilutants are not pled in the indictment, then the indictment in effect contains a pleading that the substance in question is pure cocaine. Therefore, in order to get a conviction under the indictment, the amount of pure cocaine without adulterants and dilutants must be shown to be the amount alleged in the indictment. *See Farris*, slip op. at 4.

We must review the entire body of evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime. *Reeves*, slip op. at 5; *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). This standard must be applied to the evidence and to a correct charge that corresponds to the indictment allegations. *Reeves*, slip op. at 5. The elements of the offense which must be proven are those which correspond to the particular offense alleged in the indictment. *See id.* (citing *Benson v. State* 661 S.W.2d 708, 715 (Tex.Crim.App.1982)).

■ The evidence regarding the composition of the alleged controlled substance was provided by the State's chemist, David Eaton. Eaton testified that he analyzed the white powder by first determining its weight. The net weight of the powder was 29.99 grams. In determining the weight, Eaton included the aggregate weight of everything: cocaine and any other substance that may be present. He then tested the powder for the presence of cocaine; the test was positive. Subsequently, he

conducted a test to determine the percentage of cocaine contained within the sample. The test showed that the powder was "75% as base, which is around 82% or 83% as it exists in the hydrochloride salt," or "82% to 83% pure." Eaton explained further that the 82% or 83% included the cocaine and the hydrochloride salt that was normally associated with the cocaine hydrochloride. He acknowledged that the remaining 20% to 17% was "some other substance." Therefore, the total weight of the pure cocaine was 22.49 grams or 24.85 grams, depending upon whether the salt is included. Either amount is less than the 28 grams which appellant was alleged to have possessed. The amount of cocaine without adulterants and dilutants was not shown to be the amount alleged in the indictment and therefore, a conviction was not authorized. *See Farris,* slip op. at 4.

The evidence is insufficient to support the jury's verdict that appellant possessed more than twenty-eight grams of cocaine, as alleged in the indictment. We sustain appellant's third point of error. Having found the evidence insufficient on appellant's third point of error, there is no need for us to review his first and second points of error.

The trial court's judgment is reversed and remanded, and appellant is ordered acquitted. *See* Tex.R.App.P. 87(b)(3).