MARY'S OPINION HEADING 









                                                NO.
12-05-00123-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

BILLY RAYMOND HUGHES,        §                      APPEAL
FROM THE 422ND

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      KAUFMAN
COUNTY, TEXAS

                                                                                                
                                                           

MEMORANDUM
OPINION

            A jury found Appellant guilty of delivery of
methamphetamine in an amount greater than four grams but less than two hundred
grams and assessed his punishment at imprisonment for fifteen years and an $800
fine.  In two issues, Appellant contends
that the trial court submitted an incorrect instruction in its charge and that
the evidence is insufficient to support the conviction.  We affirm.

 

Background

            The indictment in this case alleged that Appellant did “knowingly
deliver, by actual transfer to Mark Negri, a controlled substance, namely
methamphetamine, in an amount of four grams or more but less than 200 grams.”  The State introduced a Texas Department of
Public Safety laboratory report showing that the controlled substance alleged
to have been delivered to Mark Negri weighed 28.02 grams and contained both
amphetamine and methamphetamine.  The trial
court submitted the following statutory definition of “controlled substance” in
its charge:

 








Controlled
substance means a substance including a drug, an adulterant, and or dilutant,
listed in schedules I through V or penalty groups 1, 1A or 2 through 4.  The term includes the aggregate weight of any
mixture, solution, or other substance containing a controlled substance.

 

 

            Drew Fout, the DPS chemist who analyzed the substance
delivered to Mark Negri, testified that it contained methamphetamine, a penalty
group one drug, and amphetamine, a penalty group two drug.  He testified that the amphetamine added to
the weight of the mixture.

 

Charge Error

            Appellant contends that since the evidence shows the
substance delivered by Appellant to Negri contained methamphetamine and
amphetamine, both controlled substances, the inclusion of the statutory definition
of “controlled substance” in the charge authorized the jury to convict him for
delivery of amphetamine, a theory not alleged in the indictment.

Standard of Review

            When charge error has been preserved by a proper
objection at trial, reversal is required upon a showing of some actual
harm.  Where charge error is urged for
the first time on appeal, the charge error must have caused defendant egregious
harm; the error must have been so harmful that the defendant was denied a fair
and impartial trial.  See Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

            Appellant cites four cases that he maintains are
illustrative of the trial court’s error and dispositive of the issue.  In Rodriguez v. State, 18
S.W.3d 228 (Tex. Crim. App. 2000), the information alleged that defendant was
intoxicated “by reason of the introduction of alcohol into his body.”  At trial, the defendant testified that he had
not been drinking, but had taken flu medicine that made him drowsy.  The application paragraph of the charge
authorized the jury to convict if they found that he was intoxicated by reason
of the introduction of alcohol into his body but also authorized conviction
upon a finding that defendant was intoxicated “by the reason of the
introduction of a combination of unknown drugs and alcohol into his body.”  The court of criminal appeals held the charge
allowed a conviction on a theory not alleged in the charging instrument,
reversed the judgment of the court of appeals, and remanded the case for a harm
analysis.  Id. at 232.

            In Morris v. State, 609 S.W.2d 782 (Tex.
Crim. App. 1980), the aggravated robbery indictment charged that the defendant
did, by exhibiting a deadly weapon, place Mary Lou Anderson in fear of imminent
bodily injury.  The court’s charge, however,
authorized conviction upon a jury finding that the defendant did threaten or
place the victim in fear of imminent bodily injury or death.  The court of criminal appeals reversed and
remanded because the inclusion of “threaten” in the charge permitted a
conviction on proof different from that required to prove the allegations in
the indictment.  Id. at
784.

            In Scott v. State, 593 S.W.2d 724 (Tex.
Crim. App. 1980), the murder indictment charged the defendant caused the death
of the victim “by shooting him with a gun.” 
In its charge, the court authorized the jury to convict if they found
that the defendant caused the victim’s death “by shooting him with a firearm,
to wit: a gun, or did then and there intend to cause serious bodily injury to
the said Edward Glenn Owens and with said intent to cause such injury did
commit an act clearly dangerous to human life, to wit: shooting at Edward Glen
Owens with a gun and causing the death of said Edward Glenn Owens, as alleged
in the indictment. . . .”  The court of
criminal appeals reversed Scott’s conviction holding the charge authorized
conviction upon a theory not alleged in the indictment.  Id. at 725.

            The court of criminal appeals also reversed the appellant’s
conviction and remanded the cause in Gonzales v. State, 578
S.W.2d 736 (Tex. Crim. App. 1979).   In Gonzales,
the indictment charged that the defendant, while in the course of committing
theft, used a deadly weapon (a knife) to threaten Delfino Motta with imminent
bodily injury and death and place Delfino Motta in fear of imminent bodily
injury or death.  The charge, however,
also permitted conviction on the additional theory that while committing theft,
the defendant caused serious bodily injury to Delfino Motta.  Id. at 737-38.

            The application paragraph of the charge in the instant
case instructs the jury that in order to return a guilty verdict, they must
find that Appellant “did then and there intentionally and knowingly deliver a
controlled substance, to wit, methamphetamine, to Mark Negri. . . .”  If they do not find that he delivered “a
controlled substance, to wit, methamphetamine, to Mark Negri,” they are
instructed to find Appellant not guilty. 
Unlike the jury charges in the cases cited by Appellant, the charge in
this case does not enlarge the allegations in the indictment to permit the jury
to convict Appellant upon finding facts not alleged.  The definition of “controlled substance”
correctly served to inform the jury that in determining the amount of
methamphetamine delivered, they should use the aggregate weight of the mixture
containing the methamphetamine. 
Appellant’s first issue is without merit and is overruled.

 

Legal Sufficiency

            Appellant insists the evidence supporting his conviction
is legally insufficient and that he is therefore entitled to an acquittal.

Standard of Review

            In reviewing a legal sufficiency challenge, an appellate
court must view the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found all of the
essential elements of the charged offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sanders v. State,
119 S.W.3d 818, 820 (Tex. Crim. App. 2003).

            Appellant argues that the evidence does not show how much
methamphetamine he delivered, but only the aggregate weight of the mixture
containing both methamphetamine and amphetamine.  The indictment alleges that Appellant
delivered “a controlled substance, namely methamphetamine in an amount of four
grams or more but less than 200 grams.” 
The indictment does not allege that the amount delivered included
adulterants and dilutants.  Therefore, he
argues, there is no proof that he delivered more than four grams of methamphetamine.

            Prior to 1997, Appellant’s interpretation of the
indictment was required by case law.  See
 Reeves v. State, 806
S.W.2d 540, 544 (Tex. Crim. App. 1990); Vera v. State, 800 S.W.2d
310, 311-12 (Tex. Crim. App. 1990).  In
1997, however, the Texas Legislature amended the definition of “controlled
substance” to add “an adulterant, and a dilutant” to the definition.  Act of May 26, 1997, 75th Leg., R.S., ch.
745, § 1, 1997 Tex. Gen. Laws 2411.  The
1997 amendment also added the following sentence to the Health and Safety Code
definition: “The term includes the aggregate weight of any mixture, solution or
other substance containing a controlled substance.”  Id.  Since 1997, the Texas Health and Safety Code
has defined “controlled substance” to include a drug, an adulterant, and a
dilutant.  See Tex. Health & Safety Code Ann. § 481.002(5)
(Vernon Supp. 2005).       Appellant’s
argument has been rejected by this court in Jackson v. State, 94
S.W.3d 45 (Tex. App.–Tyler 2002, pet. ref’d) where we held that the amount of
controlled substance delivered includes adulterants and dilutants.  Id. at 49.  The State need not prove the amount of pure
controlled substance contained in the mixture. 
Melton v. State, 120 S.W.3d 339, 344 (Tex. Crim. App.
2003).  “The State has to prove only that
the aggregate weight of the controlled substance mixture, including adulterants
and dilutants, equals the alleged minimum weight.”  Id.  The proof in the instant case shows that
Appellant delivered a mixture weighing more than four grams that contained
methamphetamine.  The fact that
amphetamine, another controlled substance, was an “other substance” contained
in the mixture delivered does not add to the proof required of the State.  We find no authority supporting Appellant’s
contention that the legislature did not intend to include other regulated drugs
in the definition of adulterant or dilutant as any material that increases the
bulk or quantity of the controlled substance. 
See Tex. Health &
Safety Code Ann. § 481.002(49) (Vernon Supp. 2005).  Appellant’s second issue is overruled.

 

Disposition

            The judgment is affirmed.

 

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

Opinion
delivered May 10, 2006.

Panel
consisted of Worthen, C.J., DeVasto, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

(DO NOT PUBLISH)