NO.
12-05-00404-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TAVARES
DEMON BLACK,          §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Tavares
Black appeals from his conviction for delivery of a controlled substance.  In three issues, Appellant complains that the
jury was permitted to find him guilty on a theory of criminal liability that
was not alleged in the indictment and that the evidence was legally and
factually insufficient to support his conviction.  The State did not file a brief.  We reverse and remand. 

 

Background

            A Smith County grand jury indicted
Appellant for the felony offense of delivery of a controlled substance.  Appellant pleaded “not guilty” and the case
proceeded to a jury trial.  The evidence
showed that on January 14, 2005, Appellant and Teal Ford met to consummate a
drug deal.  The two men knew each
another, but Appellant did not know that Ford was working with the police.  The police were watching when the two men
met, but could not observe the meeting very closely.  Ford testified that Appellant gave him
cocaine in exchange for money.  Appellant
testified that he offered to sell cocaine to Ford, that they were to go to
another location to obtain it, and that Ford already had some cocaine with him
when Appellant got into his car.  

            The indictment alleged specifically
that Appellant delivered cocaine to Ford by “actual transfer.”  After the receipt of evidence at Appellant’s
trial, the State requested that the jury be instructed on each definition of “deliver”
and not just the specific allegation contained in the indictment.[1]  Appellant objected, but the court instructed
the jury that it could find Appellant guilty “as charged” if it found that he
actually transferred cocaine to Ford, constructively transferred cocaine to
Ford, or offered to sell cocaine to Ford. 
The jury convicted Appellant and assessed punishment at eighteen years
of imprisonment.  This appeal followed.

 

Jury Instruction

            In his first issue, Appellant
complains that the jury was instructed that it could find him guilty of
delivery of cocaine on a theory not alleged in the indictment. 

Applicable
Law

            Delivery of cocaine is illegal.  See
Tex. Health & Safety Code Ann. § 481.112(a) (Vernon Supp.
2006).  “Deliver” is defined as (1) an
actual transfer of controlled substances, (2) a constructive transfer of controlled
substances, or (3) an offer to sell controlled substances.  Id. at § 481.002(8).  An indictment may allege any combination of
these methods of delivery or it may simply allege that a defendant “delivered”
the controlled substance.  When a general
allegation is made, a defendant may successfully move to quash the indictment
on the grounds that it is insufficient to put him on notice of which method of
delivery he stands accused.  Ferguson
v. State, 622 S.W.2d 846, 849–51 (Tex. Crim. App. 1981) (op. on reh’g).  The State may respond by simply alleging all
three of the methods of delivery.  Id.
at 851 (“[A]ssuming that the State did elect to allege each type of
criminal conduct, the [defendant] would be put on notice that all types of
delivery were going to be shown, or were possibly going to be shown, and he
could prepare his defenses accordingly.”).

            It is error, however, to authorize a
conviction on a theory not alleged in the indictment.  See Conaway v. State, 738
S.W.2d 692, 694 (Tex. Crim. App. 1987) (“[The State] chose only to allege that
the delivery occurred by ‘actual delivery.’ It was thus bound to prove its
allegation beyond a reasonable doubt.”); see also Sims v. State,
117 S.W.3d 267, 278 (Tex. Crim. App. 2003) (Conviction permissible even though
only constructive transfer was alleged because transfer was both constructive
and actual.); Montoya v. State, 906 S.W.2d 528, 529 (Tex. Crim.
App. 1995) (“When an indictment facially alleges a complete offense, the State
is bound by the theory alleged in the indictment, as is the reviewing court in
its sufficiency analysis.”); Gonzales v. State, 578 S.W.2d 736,
737 (Tex. Crim. App. 1979); Bolton v. State, 576 S.W.2d 648, 649
(Tex. Crim. App. 1979)(“The provision of this alternative theory of culpability
in the court's charge when not expressly alleged in the indictment has
consistently been considered fundamental error, calculated to injure the rights
of defendants and reviewable in the interest of justice by this Court.”).

Analysis

            The trial court allowed the jury to
convict Appellant on a theory not alleged in the indictment.  The jury was instructed that it could find
Appellant guilty “as charged in the indictment” if it  found that he actually transferred cocaine to
Teal Ford, constructively transferred cocaine to Teal Ford, or offered to sell
cocaine to Teal Ford.  The indictment
alleged only that Appellant delivered cocaine to Teal Ford by actual transfer.

            We do not make arguments for
parties,[2]
and so we examine Appellant’s argument for obvious defects and analyze it in
terms of the arguments made by the State at trial.  There are instances in which a theory of
liability not alleged in the indictment may be presented to the jury. For
example, all criminal defendants are on notice that they may be liable as a
party, even if party liability is not alleged in the indictment. See Marable
v. State, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002); see also Tex. Pen. Code Ann. § 7.01(a) (Vernon
Supp. 2006). Also, not every allegation in an indictment must be proven if it
is not an element of the offense or is descriptive of an element. See
generally, Gollihar v. State, 46 S.W.3d 243, 256–57 (Tex.
Crim. App. 2001). Finally, it is proper for the jury to be charged as to
disjunctive means of committing an offense even if the indictment alleges them
in the conjunctive. See Kitchens, 823 S.W.2d at 258.

            None of these exceptions apply
here.  The language “by actual transfer”
was descriptive of an element of the offense, if not an element itself.  Furthermore, there is no general principle
that a person alleged to have made a delivery of a specific type is on notice
that he is in jeopardy for other types of delivery.  In fact, the law is precisely the opposite.  See Conaway, 738 S.W.2d
at 694. 

            The State’s argument at trial is
insufficient to support the jury charge that was given.  The relevant discussion is as follows:

 

            [Appellant’s

                Counsel]:          The State is
restricted to the charges and the method of proving the crime as in the
indictment, we would object [. . . .]

 

                The Court:      What’s
the State’s position on that [counsel]?

 

                [State]:               Judge,
we feel they’re proper with the charge of the Court.

                The Court:      Okay.
Well, what about [counsel’s] argument that the indictment charges an actual
transfer to Teal Ford.

 

                [State]:               The
indictment also says that he “did then and there knowingly deliver,” and,
obviously, [counsel] is familiar with delivery in that definition, Judge, and I
just feel that taking consideration [sic] the indictment saying to deliver
which means “constructive” and “actual” or “offered to sell.”

 

 

            However, the indictment, in relevant
part, reads “Tavares Black did then and there knowingly deliver, by
actual transfer, to Teal Ford, a controlled substance . . . .”  (emphasis added).  This is a specific allegation of a theory of
liability.  Appellant was entitled to a
trial on that specific theory, and it was error to instruct the jury on other
theories of liability.

            If the error in the charge was the
subject of a timely objection in the trial court, then reversal is required if
the error is “calculated to injure the rights of [the] defendant.”  Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985); see also Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon Supp. 2006); Guevara
v. State, 152 S.W.3d 45, 54 (Tex. Crim. App. 2004).  Harm is calculated to injure the rights of
the defendant if there is “some harm” to the accused from the error.  Almanza, 686 S.W.2d at 171.

            The harm is evident in this
case.  Appellant testified that he did
not hand cocaine to Ford (the charged transaction), but that he merely offered
to sell cocaine to Ford (one of the bases of liability in the jury
charge).  It was not until after he
testified that the State sought to expand the theory of liability to include
his admitted conduct.  The Texas
Constitution guarantees an accused the right to be informed of the nature and
cause of the accusation against him in a criminal prosecution.  Tex.
Const. art. I, § 10; Ward v. State, 829 S.W.2d 787, 794
(Tex. Crim. App. 1992).  In a felony case
the notice must be by way of an indictment, and notice of the nature and cause
of the accusation must come from the face of the indictment.  Riney v. State, 28 S.W.3d 561, 565
(Tex. Crim. App. 2000).  Indeed, the
accused is not required to look elsewhere. 
Id.; Baker v. State, 123 Tex. Crim. 209, 58
S.W.2d 534, 535 (Tex. Crim. App. 1933).

            Appellant was not on notice that he
was on trial for offering to sell cocaine to Teal Ford.  Indeed, it is unlikely that Appellant would
have testified that he offered to sell cocaine to Ford if he had notice that
such conduct was the subject of his trial. 
Appellant understood that he was on trial for transferring a quantity of
cocaine to Teal Ford.  Appellant was
entitled to rely upon the indictment.  He
was harmed when the jury was authorized to convict him for conduct not alleged
in the indictment.[3]  We sustain
Appellant’s first issue.

 

Sufficiency of the Evidence

            In his second and third issues,
Appellant contends that the evidence is legally and factually insufficient to
support the verdict.  Specifically, he
contends that the jury should not have been instructed on any theory of
liability not alleged in the indictment and that Teal Ford is such an
unreliable witness that the conviction could not rest on his testimony.  

Standards
of Review

            The due process guarantee of the
Fourteenth Amendment requires that a conviction be supported by legally
sufficient evidence.  See Jackson
v. Virginia, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed.
2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim.
App. 2004); Willis v. State, 192 S.W.3d 585, 592 (Tex. App.–Tyler
2006, pet. ref’d).  Evidence is not
legally sufficient if, when viewing the evidence in a light most favorable to
the verdict, no rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. 
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see
also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

            While legal sufficiency review is
all that is required by the U.S. Constitution, the Texas Court of Criminal
Appeals has determined that the Texas Constitution requires further review of
the factual sufficiency of the evidence. 
Clewis v. State, 922 S.W.2d 126, 129–30 (Tex. Crim. App.
1996).  Our review of the factual
sufficiency of the evidence is without the light most favorable to the verdict,
and we determine whether the evidence supporting the verdict is so obviously
weak as to undermine our confidence in the jury’s determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.  Johnson v. State,
23, S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson v. State,
No. PD–469–05, 2006 Tex. Crim. App. LEXIS 2040, at *39 (Tex. Crim. App. Oct.
18, 2006) (Evidence is factually insufficient only when reviewing court
objectively concludes that the great weight and preponderance of the evidence
contradicts the jury’s verdict.).

            Under either standard, our role is
that of appellate review, and the fact finder is the sole judge of the weight
and credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111–12 (Tex. Crim. App.
2000).  The fact finder may choose to
believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).

            The sufficiency of the evidence is
measured against the offense as defined by a hypothetically correct jury
charge.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
A hypothetically correct jury charge “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is
tried.”  Id.

            As authorized by the indictment, the
State was required to prove that Appellant knowingly delivered cocaine to Teal
Ford by actual transfer, in an amount of more than one gram but less that four
grams including any adulterants and dilutants.  Tex. Health & Safety Code Ann. §
481.112 (a), (c) (Vernon Supp. 2006).

Analysis

            We have addressed Appellant’s
argument that the jury charge should not have authorized the jury to convict
Appellant on a theory not alleged in the indictment.  We need not address that complaint in this
portion of our analysis because our evaluation of the sufficiency of the
evidence is in terms of the jury charge authorized by the indictment.  See Fisher v. State, 887 S.W.2d
49, 57 (Tex. Crim. App. 1994) (“Where the indictment facially alleges a
complete offense (either initially or after amendment), the State is bound by
the theory alleged in the indictment, as is the reviewing court in its
sufficiency analysis.”).

            We hold that the evidence is
sufficient to show that Appellant delivered cocaine to Teal Ford by actual
transfer.  Teal Ford testified that
Appellant exchanged cocaine for money.  A
police officer gave Ford money and searched him.  From a distance, an officer observed the
transaction and searched Ford after the transaction.  Ford had money and no cocaine before he met
with Appellant, and he had cocaine but not the money after the meeting.  A rational jury could have concluded that the
essential elements of the offense were proven beyond a reasonable doubt.  Furthermore, while Appellant has offered
reasons a jury could have doubted Ford, and Appellant testified that he did not
give Ford any cocaine, we conclude that the evidence is neither so weak at to
undermine our confidence in the verdict, nor is it outweighed by contrary
proof.  We overrule Appellant second and
third issues.

 

Conclusion

            Appellant has requested that we
remand this case for a new trial on the basis of the faulty jury charge.  We have held that the evidence was sufficient
to support a conviction on the grounds alleged by the indictment, and so the
remedy requested by Appellant is appropriate. 
See Fisher, 887 S.W.2d at 60.  Accordingly we reverse the
judgment of the trial court and remand this matter for
proceedings consistent with this opinion.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

Opinion delivered October 25,
2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)











[1] The statutory definition of “deliver” is broader than the specific allegation
contained in the indictment and includes an actual transfer of a controlled
substance, a constructive transfer of a controlled substance, or an offer to
sell a controlled substance.  See Tex. Health & Safety Code Ann. §
481.002(8) (Vernon Supp. 2006). 





[2] C.f. Russeau v. State, 171 S.W.3d 871, 881 (Tex. Crim.
App. 2005) (Appellant waives argument for failure to adequately brief it.); but
see Tex. R. App. P. 38.8(b)
(No requirement that Appellee/State file a brief.).





[3] Appellant’s reliance on the indictment is even more reasonable in
light of the fact that the State could have alleged the “offer to sell” theory
in the indictment and tacitly foreswore it by advancing a different and
specific theory.